Milligan, J.,
delivered the opinion of the court:
This action was brought to recover the net proceeds of one hundred and two bales of upland cotton, alleged to have been seized by the United States military forces in the State of Arkansas.
The facts are found to be as follows: The claimant, Mrs. Armstrong, is the widow of Bobert Armstrong, deceased. He has *625 been dead about ten years, and the cotton alleged to bare been seized was raised by tlie bands of the claimant on what is known in the record as the “Armstrong’ plantation.”
In the latter part of 3863, or early in 1861, there was on this plantation about one hundred and twenty bales of cotton, which were taken possession of by the United States military forces, and removed to Lewisburg, in Arkansas, and thence to Little Eock.
Prior to the 9th of July, 1864, one hundred and two bales of this cotton are shown to have been in the hands of the Treasury agents at Little Eock, which, with other cotton, were taken and used by the military forces of the United States at that place, in works of defence around the city. And when the cotton was removed from the fortifications, the marks upon the bales were so obliterated by time and exposure, that a portion of the bales could not be identified. Sixty bales were identified as belonging to “ Eobert Armstrong,” but which, in point of fact, are proven to have belonged to the claimant. These sixty bales, with other cotton identified as belonging to different parties, and one hundred and seventeen sacks of loose cotton, which came out of the fortifications, could not be identified as the property of any one, were shipped together to Memphis, Tennessee, and thence to the Treasury agent at Cincinnati, and there sold, and the proceeds paid into the Treasury of the United States.
The claimant is proved to have given no active aid to the rebellion up to the last of September, 1863, when, on. the approach of the Union Army, she fled farther south, taking with her thirty or forty of her slaves to avoid their emancipation by the Federal forces. Since that time, the last of September, 1863, there is no proof whatever even tending to show her political status.
In the case of Margaret Bond (2 C. Cls. R., 529) this court, in construing the captured and abandoned property acts, after much deliberation, held, that _“ any acts, voluntarily committed, which would tend to assist, countenance, abet, or encourage the rebellion, are a flat bar to a complainant’s recovery under this law. And to entitle the claimant to recover, the act requires that he should prove, by those who had the opportunity of observing his conduct, that he did not give such assistance and encouragement-to the insurrection. He must go further; his *626 evidence to that effect must cover tlie entire period of the war, so that it shall appear that he never gave any aid or comfort to the rebellion.”
It cannot be pretended that the facts of this case bring the claimant within the rule here laid down. For nearly two years before active hostilities closed, there is not a particle of proof tending to show, affirmatively or otherwise, her adhesion to the Union. On the contrary, when the Federal forces approached her locality, she fled before them, carrying with her some thirty or forty of her slaves, and sought relief and protection under, the rebel authorities to prevent the emancipation of her slaves. This of itself was an act of aid and comfort to the enemy, and were there nothing else in the case, would be sufficient to bar the claimant’s right to recover in this court.
The petition must be dismissed.